| | |
|---|---|
| **UNITED STATES DISTRICT COURT** | **EASTERN DISTRICT OF TEXAS** |

| | |
|---|---|
| UNITED STATES OF AMERICA | § |
| | § |
| *versus* | § CASE NO. 1:19-CR-14 |
| | § |
| RONALD BRADFORD | § |

## MEMORANDUM AND ORDER

Pending before the court is Defendant Ronald Bradford's ("Bradford") *pro se* Motion to Reduce Sentence (#411), wherein Bradford seeks a "2[-]point reduction pursuant to the First Step Act." Having considered Bradford's motion, the record, and the applicable law, the court is of the opinion that the motion should be DENIED.

I.   Background

On September 27, 2019, Bradford pleaded guilty to Conspiracy to Possess with Intent to Distribute 50 Grams or More of Methamphetamine (Actual) pursuant to a plea agreement. On March 26, 2020, he was sentenced to 170 months' imprisonment and 5 years of supervised release. In the pending motion, Bradford alleges that the Presentence Investigation Report ("PSR") mistakenly included two dismissed cases in his criminal history calculation and requests a "2[-]point reduction" based on the First Step Act of 2018.

II.  Analysis

Once a sentence of imprisonment has been imposed, the court's authority to reduce or modify the sentence is limited. *Dillon v. United States*, 560 U.S. 817, 819 (2010); *United States v. Varner*, 948 F.3d 250, 253 (5th Cir. 2020); *United States v. Banks*, 770 F.3d 346, 348 (5th Cir. 2014); *United States v. Hernandez*, 645 F.3d 709, 711 (5th Cir. 2011). A district court is

authorized to modify a previously imposed term of imprisonment only under the following circumstances: (1) when the court receives a motion from the Director of the Bureau of Prisons ("BOP"), or under certain circumstances, a motion from the defendant, indicating that there are extraordinary and compelling reasons warranting a reduction and that reduction is consistent with the applicable policy statements issued by the Sentencing Commission pursuant to 18 U.S.C. § 3582(c)(1)(A);[1] (2) when the defendant has been sentenced to a term of imprisonment based upon a sentencing range that has subsequently been lowered by the Sentencing Commission pursuant to 18 U.S.C. § 3582(c)(2)(2); (3) when the district court, pursuant to Rule 35(a) of the Federal Rules of Criminal Procedure, acting within 14 days after the imposition of sentence, wishes to correct an arithmetical, technical, or other clear error identified in a previously imposed sentence; or (4) when the defendant has provided substantial assistance and the government moves for a sentence reduction pursuant to Rule 35(b) of the Federal Rules of Criminal Procedure. In addition, pursuant to Rule 36 of the Federal Rules of Criminal Procedure, after giving appropriate notice, the court may correct a clerical error in a judgment arising from oversight or omission. *United States v. Willis*, 76 F.4th 467, 472 (5th Cir. 2023) (holding that a reduction of a prison term from 188 to 180 months was far more substantial than a "clerical" correction); *United States v. Lopez*, 26 F.3d 512, 515 (5th Cir. 1994) ("'[C]lerical mistakes' and 'errors in the record,' within the meaning of Rule 36, are not equivalent to modifications to the orally pronounced sentence."

---

[1] Under 18 U.S.C. § 3582(c)(1)(A), the court must either find "extraordinary and compelling reasons" warranting a reduction, or, alternatively, the court may modify a term of imprisonment when the defendant is at least 70 years of age, has served at least 30 years in prison, and meets the additional requirements of 18 U.S.C. § 3582(c)(1)(A)(ii).

"A document filed *pro se* is 'to be liberally construed.'" *Erickson v. Pardus*, 551 U.S. 89, 94 (2007) (quoting *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)); *accord Bourne v. Gunnels*, 921 F.3d 484, 490 (5th Cir. 2019) ("A document filed *pro se* is to be liberally construed, and a *pro se* complaint, however inartfully pleaded, must be held to less stringent standards than formal pleadings drafted by lawyers."); *Thorn v. McGary*, 684 F. App'x 430, 432 n.2 (5th Cir. 2017) ("We liberally construe briefs of pro se litigants. . . ."). Because a *pro se* litigant's motion is not always what it purports to be, a court may sometimes recharacterize a motion that is labeled differently. *See United States v. Elam*, 930 F.3d 406, 409 (5th Cir. 2019) (citing *Castro v. United States*, 540 U.S. 375, 377 (2003)); *Hopes v. Davis*, 761 F. App'x 307, 309 (5th Cir. 2019); *United States v. Bledsoe*, 548 F. App'x 124, 124 (5th Cir. 2013) ("[I]t is the essence of a pro se prisoner's pleading, rather than the label attached to it, that controls how that pleading is characterized." (citing *United States v. Santora*, 711 F.2d 41, 42 n.1 (5th Cir. 1983))). The court's decision to recharacterize a motion is discretionary. *Elam*, 930 F.3d at 409 (citing *Santora*, 711 F.2d at 42). Proceeding *pro se*, Bradford's motion may be liberally construed to seek a sentence reduction under the authority of either Federal Rule of Criminal Procedure 32 or 36.

    A.    <u>Federal Rule of Criminal Procedure 36</u>

Rule 36 of the Federal Rules of Criminal Procedure states that "[a]fter giving any notice it considers appropriate, the court may at any time correct a clerical error in a judgment, order, or other part of the record, or correct an error in the record arising from oversight or omission." FED. R. CRIM. P. 36; *see United States v. Willis*, 76 F.4th 467, 472 (5th Cir. 2023). "[T]he purpose of Rule 36 is 'only to correct mindless and mechanistic mistakes.'" *United States v.*

3

*Cooper*, 979 F.3d 1084, 1089 (5th Cir. 2020) (quoting *United States v. Ramirez-Gonzalez*, 840 F.3d 240, 247 (5th Cir. 2016)); *accord United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014); *United States v. Phillips*, No. 13-286, 2022 WL 17415077, at *2 (E.D. La. Dec. 5, 2022). "A clerical error occurs when the court intends to do one thing, but through clerical mistake or oversight does another." *United States v. Hathorn*, 551 F. App'x 227, 227 (5th Cir. 2014) (citing *United States v. Buendia-Rangel*, 553 F.3d 378, 379 (5th Cir. 2008)). "'Where the record makes it clear that an issue was actually litigated and decided but was incorrectly recorded in or inadvertently omitted from the judgment, the district court can correct the judgment under' Rule 36." *Cooper*, 979 F.3d at 1089 (quoting *Ramirez-Gonzalez*, 840 F.3d at 247). "Rule 36 does not cover deliberate drafting choices." *Id.*; *Ramirez-Gonzalez*, 840 F.3d at 247.

A PSR is "part of the record" within the meaning of Rule 36, and courts are required to correct a clerical error within a PSR if the error affects a defendant's "substantial rights." *United States v. Mackay*, 757 F.3d 195, 200 (5th Cir. 2014). Nevertheless, Rule 36 " is not a perpetual right to apply different legal rules or different factual analyses to a case. It is only mindless and mechanistic mistakes . . . and no new additional legal perambulations which are reachable through Rule 36." *Id.* (quoting *W. Tex. Mktg. Corp. v. Kellogg*, 12 F.3d 497, 505 (5th Cir. 1994)). Changes to substantive material information within a PSR such as "sentencing guideline ranges" and "policy statements" should be made pursuant to Rule 32, not Rule 36. *Id.* at 199. Accordingly, Bradford is not entitled to relief under Rule 36.

B.     Federal Rule of Criminal Procedure 32

Federal Rule of Criminal Procedure 32 sets forth the procedure by which a defendant can object to factual or other inaccuracies in the PSR. *See* FED. R. CRIM. P. 32(f)(1). This rule is designed to ensure that a defendant is not sentenced based on erroneous information. *United States v. Robilotto*, 867 F.2d 729, 730 (2d Cir. 1989); *Lyons v. Herrera*, No. 97-497, 2009 WL 6614611, at *18 (C.D. Cal. Oct. 2, 2009). Toward that end, where a PSR contains factually inaccurate information, "the sentencing court must either make written findings concerning any matter controverted or state that that matter will not be taken into consideration at sentencing, and it must append to the report a copy of its determinations." *Robilotto*, 867 F.2d at 730 (quoting *Ochoa v. United States*, 819 F.2d 366, 372 (2d Cir. 1987)); *accord United States v. Chee*, 514 F.3d 1106, 1114-15 (10th Cir. 2008). In this instance, there is no indication that the PSR contains factually inaccurate information.

The two arrests that Bradford identifies—for Possession of a Controlled Substance on August 7, 1997, and for Assault on January 25, 2015—are properly noted in the "Other Arrests" section of the PSR. These two arrests did not result in convictions, and, accordingly, were not scored for the calculation of Bradford's criminal history.[2] Because Bradford does not dispute the occurrences, and he presents no legal argument as to why they should be removed from the PSR, the court finds that Bradford has not demonstrated the presence of any factually inaccurate information in the PSR.

---

[3] The disposition of these offenses was noted as "non-suited" and "unknown," respectively.

Further, any alleged substantive inaccuracies in his PSR are not cognizable at this juncture because "complaints regarding the contents of a PSR must be raised before the imposition of sentence." *United States v. Johnson*, 671 F. App'x 357, 358 (5th Cir. 2016) (citing *United States v. Engs*, 884 F.2d 894, 895-897 (5th Cir. 1989)); *United States v. Alexander*, 353 F. App'x 885, 885 (5th Cir. 2009) (same); *accord United States v. Jones*, 628 F. App'x 189, 190 (4th Cir. 2016); *see United States v. Laureti*, 859 F. App'x 490, 492 (11th Cir. 2021) (upholding the district court's determination that it lacked authority to make substantive modifications to the defendant's PSR which were untimely raised in a post-judgment motion). In this case, Bradford did not file any objections to the PSR and declined to make any comments, additions, or corrections to the PSR at his sentencing hearing. The court adopted the factual findings in the PSR and sentenced him accordingly.

    C.    <u>First Step Act of 2018</u>

Finally, without any specificity, Bradford broadly requests a "2[-]point reduction" under the "1st Step Act." While impossible to discern, the court notes that Bradford prospectively received the benefit at sentencing of the two-level reduction set forth in § 2D1.1(b)(18) of the United States Sentencing Guidelines ("Guidelines") for meeting the expanded safety valve criteria.

On December 21, 2018, former President Trump signed the First Step Act of 2018 into law. *See* First Step Act of 2018, Pub. L. No. 115-391, 132 Stat. 5194. Among other things, the First Step Act broadened the existing safety valve at 18 U.S.C. § 3553(f), increasing the number of offenders eligible for relief from mandatory minimum penalties. At the time it enacted the safety valve, Congress directed the Commission to promulgate or amend guidelines and policy statements to "carry out the purposes of [section 3553(f)]."

In 2023, the Commission amended § 5C1.2 (Limitation on Applicability of Statutory Minimum Sentences in Certain Cases) of the Guidelines to incorporate the changes wrought by the First Step Act.[3] Section 2D1.1(b)(18) provides for a two-level decrease if the defendant meets the criteria set forth in § 5C1.2.

At the time of Bradford's sentencing hearing, however, the expanded safety valve criteria had not yet been incorporated into the Guidelines. The court was aware of this fact, and Bradford's PSR (#273) notes:

> An analysis of the defendant's eligibility for the expanded safety valve has been conducted, and it has been determined this defendant would be eligible for a two-level reduction under the expanded criteria. Should the Court be inclined to grant the defendant a variance, the defendant's total offense level would be 33, and the guideline penalties would be as follows: 151 to 188 months custody . . . .

Further, Bradford's counsel filed a Sentencing Memorandum (#275), which stated in part:

> The First Step Act was signed into law on December 21, 2018. To date, the United States Sentencing Guidelines have not been amended to include the expansion of the Safety Valve by the First Step Act. Bradford is eligible for the safety valve pursuant to the expansion provided by the First Step Act. Therefore, Bradford would be eligible for a two-level reduction which would put his total offense level at 33. This, coupled with a criminal history category of II, would put his guideline range at 151-188.

As reflected in the Judgment (#289), the court reduced Bradford's offense level to 33 and sentenced him within the revised guideline range of 151 to 188 months' imprisonment. Thus, Bradford has already received the benefit of a two-level reduction.

---

[3] The Commission was unable to amended the Guidelines prior to 2023 due to the lack of a quorum.

III.     Conclusion

Bradford fails to assert any factual inaccuracy in the PSR or otherwise identify any error regarding the calculation of his criminal history. Finally, Bradford's sentence reflects a two-level reduction pursuant to the expanded safety valve criteria. Accordingly, Bradford's *pro se* Motion to Reduce Sentence (#411) is DENIED.

SIGNED at Beaumont, Texas, this 19th day of August, 2024.

_Marcia A. Crone_
MARCIA A. CRONE
UNITED STATES DISTRICT JUDGE